UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOCO COMPANY, | ) | CASE NO.   1:21-cv-2173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| MAC CALABUR INVESTMENTS, | ) | **MEMORANDUM OPINION AND ORDER** |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On May 6, 2022, Plaintiff NOCO Company moved for default judgment against

Defendant Mac Calabur Investments, LLC.   (Doc. Nos. 10 & 11.)   In the complaint Plaintiff

brought claims for unfair competition, tortious interference with contract, trademark

infringement and dilution, and deceptive trade practices under Ohio law.   (Doc. No. 1.)

Plaintiff seeks declaratory judgment, permanent injunctive relief, and reimbursement of

attorney's fees.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331

and 1338, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367.   Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

For the reasons that follow, Plaintiff's motion for default judgment is GRANTED in part

and DENIED in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff NOCO Company designs, manufactures, and sells battery chargers, portable power devices, and related battery accessories.  (Doc. No. 1 at PageID 1, ¶ 2.)  In connection with its business, Plaintiff owns copyrights for its proprietary images, designs, and content and registered trademarks, including the marks NOCO and NOCO GENIUS.  (*Id.* at PageID 3, ¶ 14.)

In addition to selling its products on its website, Plaintiff sells its authorized products to resellers.  (*Id.* at PageID 3, ¶¶ 11-12.)  To protect its brand, goodwill, and intellectual property, Plaintiff enters into a reseller agreement with every authorized reseller.  (*Id.* at PageID 3, ¶¶ 12-13.)  The reseller agreement limits resellers' use of Plaintiff's copyrights and trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the products.  (*Id.* at PageID 3, ¶¶ 14-16.)  Further, the reseller agreements permit sales only to retail consumers and expressly prohibit bulk sales or sales to wholesalers.  (*Id.* at PageID 3, ¶ 16.)  The reseller agreement specifies that any warranties associated with the product are only valid when authorized resellers sell the product.  (*Id.* at PageID 3, ¶ 17.)

Since September 30, 2021, Defendant Mac Calabur Investments, LLC has been selling Plaintiff's products and using its copyrights and trademarks without Plaintiff's authorization or consent.  (*Id.* at PageID 4, ¶ 18.)  Defendant is not an authorized reseller but rather obtains the products by purchasing them from other authorized resellers.  (*Id.* at PageID 4, ¶¶ 20-24.)  Then, the Defendant sells the products on websites such as www.Walmart.com.  (*Id.* at PageID 4, ¶ 19.)

On October 7, 2021, Plaintiff sent Defendant a letter informing Defendant that it was

2

selling its products without authorization and in violation of Plaintiff's rights in its copyrights and trademarks.  (*Id.* at PageID 5, ¶ 33.)  The letter demanded that Defendant cease such conduct immediately.  (*Id*. at PageID 6, ¶ 34.)  However, Defendant continued to sell the products without Plaintiff's consent or authorization.  (*Id.* at PageID 6, ¶ 36.)

On November 15, 2021, Plaintiff filed a complaint against Defendant alleging that Defendant willfully infringed on Plaintiff's intellectual property by engaging in the unauthorized sale of products Plaintiff distributed.  (*Id.* at PageID 1, ¶ 1.)  Plaintiff asserted claims for unfair competition, trademark infringement and dilution, tortious interference with contract, and deceptive trade practices under Ohio law.  (*Id.*)

On February 14, 2022, Defendant was served by personal service.  (Doc. No. 6.) Defendant failed to respond Plaintiff's complaint.   The Clerk noted Defendant's default on May 5, 2022.  (Doc. No. 9.)   Plaintiff moved for default judgment, seeking permanent injunctive relief, declaratory relief, and reimbursement of attorney's fees.  (Doc. Nos. 10 & 11.) Defendant has neither responded to Plaintiff's complaint nor its motion for default judgment. Defendant simply has not engaged with or appeared in this action in any way.

## II.  ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment.   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).   After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).

Once default is entered, the defaulting party is deemed to have admitted all well-pleaded

factual allegations in the complaint regarding liability, including jurisdictional averments.   *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

## A.  Declaratory Judgment

The Court may declare the "rights and other legal relations of any interested party seeking such declaration."   28 U.S.C. § 2201(a).   As the owner of intellectual property, Plaintiff may seek a declaration of trademark infringement.   *See Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 763–64 (Fed. Cir. 1990).   In its October 7, 2021 letter, Plaintiff informed Defendant that it was selling Plaintiff's products without authorization in violation of Plaintiff's copyrights and trademarks and demanded the Defendant cease such conduct.   (Doc. No. 1 at PageID 5, ¶¶ 33-34.)   Defendant continued to sell the products without Plaintiff's authorization or consent, thereby willfully infringing on Plaintiff's rights in copyrights and trademarks.   (*Id.* at PageID 5, ¶ 37.)

Based on the record set forth above, the Court declares and makes the following findings:

i.   Since Defendant is not an Authorized Reseller [1], any Infringing Products[2] that Defendant sells which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property are materially different than genuine NOCO Products because the Infringing Products do not come with NOCO's warranties and are not subject to, and interfere with, NOCO's legitimate and substantial quality controls;

---

[1] Defined as any party that enters into a reseller agreement with Plaintiff.

[2] Defined as NOCO-branded products sold outside of NOCO's authorized distribution channels and which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property (the "Infringing Products").

4

ii.   Defendant's unlawful sales of Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property constitute unfair competition, trademark infringement, trademark dilution, and violations of the Ohio Deceptive Trade Practices Act;

iii.   Defendant has no right or authorization to sell any Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property; and

iv.   Defendant has tortiously interfered with NOCO's contractual relationship with its Authorized Resellers by inducing NOCO's Authorized Resellers to sell NOCO Products, which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property.

## B.  Defendant's Liability

Plaintiff seeks default judgment on its claims for unfair competition, tortious interference with contract, trademark infringement and dilution, and deceptive trade practices under Ohio law.  (Doc. No. 11 at PageID 80.)   While the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief.  *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

### i.  Unfair Competition

Section 43(a) of the Lanham Act prohibits "any false description or representation" in advertising goods in interstate commerce.   15 U.S.C. § 1125(a).   The test to decide whether there has been unfair competition is the likelihood of confusion between the two marks.  *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).   Based on the admitted factual allegations in the complaint, Defendant has falsely represented its affiliation with Plaintiff through its unauthorized use of Plaintiff's trademarks and copyrights.   (Doc. No. 1 at PageID 4, ¶¶ 18-26, 32.)   Further, Defendant's use of Plaintiff's trademarks in connection with the sale of Plaintiff's

5

products is likely to cause confusion among consumers as to the source and origin of the products.  (*Id.*)  Thus, Defendant is liable for unfair competition under the Lanham Act and under Ohio law.  *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) ("The analysis of an unfair competition claim under Ohio law is the same as that for a claim under the Lanham Act.").  Therefore, the Court **GRANTS** Plaintiff default judgment with respect to this claim.

### ii.  Tortious Interference with Contract

To hold Defendant liable for tortious interference with contract, Plaintiff must show: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages."  *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 817 (6th Cir. 2008) (citing *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 176, 707 N.E.2d 853 (1999)).

Plaintiff has established the elements required to state a claim for relief for tortious interference with contract.  Plaintiff's reseller agreements are valid, binding contracts.  (Doc. No. 1 at PageID 8, ¶ 49.)  The reseller agreement only permits sales of Plaintiff's parties to retail consumers and expressly prohibits bulk sales or sales to wholesalers.  (*Id.* at PageID 8, ¶ 50.) In the October 7, 2021 letter, Plaintiff made Defendant aware of these contracts and its requirement that authorized resellers comply with Plaintiff's policies and procedures, including the policy that only authorized resellers are permitted to extend Plaintiff's product warranty protections to consumers.  (*Id.* at PageID 5, ¶ 33.)  Defendant induced one or more authorized reseller to sell Plaintiff's products to Defendant in breach of the reseller agreement (*Id.* at PageID 8, ¶ 51), and these actions have damaged Plaintiff.  (*Id.* at PageID 8, ¶¶ 53-54.)  Accordingly,

6

the Court **GRANTS** Plaintiff default judgment on its claim for tortious interference with contract.

### iii.  Trademark Infringement Claim

To establish trademark infringement under 15 U.S.C. § 1114, Plaintiff must show: (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties."  *Coach v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013).   The same test for unfair competition – likelihood of confusion – is also used for trademark infringement.   *Audi*, 469 F.3d at 542.   A defendant's infringing conduct is willful where the defendant "had knowledge that its actions constitute an infringement."   *McGee*, 490 F.Supp.2d at 880 (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006)).

Plaintiff has provided sufficient factual evidence to establish liability for trademark infringement.   Plaintiff owns valid trademarks for NOCO and NOCO GENIUS.   (Doc. No. 1 at PageID 3, ¶ 14.)   Defendant used these trademarks without authorization in connection with sales of Plaintiff's products on websites such as www.Walmart.com.   (*Id.* at PageID 8, ¶ 57.) By defaulting, Defendant admits that its use of Plaintiff's trademarks has caused and will continue to cause confusion among consumers regarding the origin and quality of the goods offered by Defendant.   (*Id.* at PageID 9, ¶ 58.)   Further, by continuing to sell the products after receiving Plaintiff's April 14, 2021 cease-and-desist letter, Defendant willfully infringed on Plaintiff's intellectual property rights.   (*Id.* at PageID 9 ¶ 60.)   Accordingly, the Court **GRANTS** Plaintiff default judgment against Defendant for willful trademark infringement.

### iv.  Trademark Dilution Claim

To prevail on a trademark dilution claim, Plaintiff must show that its trademark is (1) famous and (2) distinctive, and that Defendant's use of the mark (3) was in commerce, (4) began after Plaintiff's mark became famous, and (5) caused dilution of the distinctive quality of Plaintiff's mark.   *Audi*, 469 F.3d at 547 (cleaned up).   Unlike unfair competition and trademark infringement, trademark dilution is not based on likelihood of confusion but rather protects the trademark holder's right in the integrity and distinctiveness of the mark.   *Id.*

Plaintiff's trademarks are famous and distinctive within the battery charger and rechargeable industry.   (Doc. No. 1 at PageID 9, ¶ 63-64.)   Defendant began using Plaintiff's marks in its sale of products at least as early as September 30, 2021.   (*Id.* at PageID 4, ¶ 18.) Plaintiff's trademarks were famous in the battery industry at the time of those sales.   (*Id.* at PageID 9 at ¶¶ 63-66.)   Defendant's sales of Plaintiff's products have diluted Plaintiff's trademarks and diminished Plaintiff's reputation because Plaintiff cannot guarantee the quality of the products being sold, nor do the products come with Plaintiff's warranty.   (Doc. No. 1 at PageID 5, 9, ¶¶ 32, 65.)   Based on these admitted facts, the Court **GRANTS** Plaintiff's motion for default judgment on its claim of trademark dilution.

### v.  Ohio Deceptive Trade Practices Act Claim

Ohio law prohibits persons from engaging in conduct that "causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services" or that "causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another."   Ohio Rev. Code §§ 4165.02(A)(2)

8

& (A)(3). ! !As discussed in relation to the unfair competition and trademark dilution claims, Defendant's use of Plaintiff's trademarks is likely to cause confusion among consumers as to the source and origin of the products.  (Doc. No. 1 at PageID 4 ¶¶ 18-26, 32.)  Further, Defendant's use of the trademarks is likely to cause the misperception that Defendant is affiliated with Plaintiff, which it is not.  (*Id.* at PageID 10, ¶ 69.)  Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment on this claim.

## C.  Injunctive Relief

The Lanham Act provides the Court with the power to issue an injunction to prevent trademark infringement "according to the principles of equity and upon such terms as the court may deem reasonable."  15 U.S.C. §§ 1116(a) & 1125(c)(2).  In the Sixth Circuit, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  *Audi*, 469 F.3d at 550 (quoting *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).  To obtain a permanent injunction, Plaintiff must show it (1) has suffered irreparable injury, (2) there is no adequate remedy at law, (3) the "balance of hardships" favors injunctive relief; and (4) a permanent injunction serves the public interest.  *Audi*, 469 F.3d at 550.

As to the first factor, no particular finding of irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases.  *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999) (citing *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)).  Rather, irreparable injury "ordinarily follows when a likelihood of confusion or possible risk to reputation appears" from infringement or unfair competition.  *Id.*  Here, Plaintiff has suffered irreparable injury because Defendant's conduct is

9

likely to cause confusion.   (Doc. No. 1 at PageID 4 ¶¶ 18-26, 32.)   As to the second, there is no

adequate remedy at law where there is potential for future harm from infringement.   *Audi*, 469

F.3d at 550.   Also, there is potential for future harm from infringement on the facts presented

because Defendant continued its infringing conduct after it received Plaintiff's October 7, 2021

cease-and-desist letter, making it likely that Defendant will continue its infringing conduct in the

future.   (*Id.* at PageID 6, ¶ 36.)

Regarding the balance of hardships, a permanent injunction is warranted because

Defendant faces no hardship in refraining from willful trademark infringement, whereas Plaintiff

faces hardship from Defendant's infringing conduct.   Finally, it is in the public's interest to

issue a permanent injunction.   "[I]t is virtually axiomatic that the public interest can only be

served by upholding copyright protections and, correspondingly, preventing the misappropriation

of the skills, creative energies, and resources which are invested in the protected work."

*McGee*, 490 F. Supp. 2d at 883 (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714

F.2d 1240, 1255 (3d Cir. 1983)).

After weighing the factors above, the Court determines that a permanent injunction

enjoining Defendant is warranted.   Accordingly, the Defendant is permanently enjoined from:

    i.    Purchasing products, which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property from an Authorized Reseller in bulk for purposes of resale; and

    ii.    any further sales of Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or Intellectual Property.

### D.  Attorney's Fees

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney

fees to the prevailing party."   15 U.S.C. § 1117(a).   "'[A]n 'exceptional' case is simply one that

stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019), (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (noting that the fee-shifting provision of the Lanham Act was "identical" to the fee-shifting provision of the Patent Act)).  "District courts 'determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances.'" *Id.*

The Court finds that plaintiff's argument in support of finding this case to be exceptional is sufficient because Defendant had actual notice of its infringing activity yet failed to either cease using Plaintiff's products or respond to Plaintiff's claims that Defendant's use of Plaintiff's products violated state and federal trademark law.  *See Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004) (a Lanham Act case may be deemed exceptional for purposes of awarding attorneys' fees when the acts of infringement are malicious, fraudulent, willful, or deliberate) (citing *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982)); *see also CARSTAR Franchisor SPV LLC v. Collision Express of Ohio Inc.*, No. 2:19-cv-3282, 2020 WL 1956988, at *1 (S.D. Ohio Apr. 22, 2020) (finding trademark infringement case exceptional after granting default judgment where defendant willfully infringed and failed to litigate plaintiff's claims) (citing *Coach*, 717 F.3d at 505–06 (upholding the district court's award of attorneys' fees under the Lanham Act when the defendant had actual notice of the infringing activity yet continued to facilitate the activity and also failed to litigate the issue of liability)); *see also Chimney Safety Inst. of Am. v. First Call Chimney Serv., LLC*, No. 3:19-cv-705, 2020 WL

11

3065624, at *1 (W.D. Ky. June 9, 2020) ("Although 'willful, fraudulent, and deliberate' conduct does not automatically qualify as 'exceptional,' the Court finds that Defendants' continuous, flagrant conduct, despite repeated notices to cease and desist qualify as exceptional.") (citing *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1192 (6th Cir. 1997)).

After determining the case is exceptional, the Court must determine whether plaintiff's requested fee award is reasonable.   A reasonable fee must be "adequately compensatory to attract competent counsel" but avoid "producing a windfall for lawyers." *Gonter v. Hunt Valve Company, Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (emphasis removed).   To make this determination, "[c]ourts begin with the 'lodestar formula,' which calls for multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Chimney Safety Inst. of Am.*, 2020 WL 3065624, at *1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).   Under the lodestar method, the reasonable hourly rate is based upon the prevailing market rate in the relevant community for lawyers of comparable skill and experience. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013).   In considering whether the time expended is reasonable, the Court should "exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc.*, 130 F.3d at 1193 (citing Hensley, 361 U.S. at 434).   "The party requesting the fees has the burden of establishing that the hourly rate they seek is reasonable and must provide evidence of the hours worked and rates sought." *Dhadphale v. Delaney*, No. 2:18-cv-13780, 2020 WL 6685098, at *3 (E.D. Mich. Nov. 12, 2020) (citing *Yellowbook Inc.*, 708 F.3d at 848).

Plaintiff has not provided the Court with the information necessary for this Court to perform a loadstar calculation and determine whether the fee request is reasonable.

Accordingly, plaintiff's request for attorney fees is **DENIED** without prejudice to later

submitting a properly supported motion within **ten (10) days** of this Order.   *See Zoya Co. v.*

*Zoreya*, Inc., No. 1:17-cv-2058, 2018 WL 3549839, at *1 (N.D. Ohio June 8, 2018) ("Because

15 U.S.C. § 1117(a) permits the recovery of attorney's fees in exceptional cases, Plaintiffs can

seek attorney's fees.   Plaintiffs have not, however, made the requisite showing to demonstrate

that the fees sought are appropriate.   Counsel has provided an itemized list of services provided

and the hourly rate each attorney charged, but counsel has not included information

demonstrating the prevailing market rate for similar services in the area.   Counsel's own

affidavit that its fees are reasonable does not suffice.   The Court is, therefore, unable to

determine the appropriate amount of fees under the lodestar method as required.") (citations

omitted); *see also Dynamic Mounting, LLC v. AV Express*, No. 1:18-cv-1931, 2019 WL 666928,

at *4 (N.D. Ohio Feb. 19, 2019) (denying without prejudice plaintiff's motion for attorney fees

where plaintiff failed to provide documentation needed by the court to conduct a lodestar

analysis to establish reasonable attorney fees).

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED** in

part and **DENIED** in part without prejudice as follows:

- Plaintiff's motion for default judgment on its claims for unfair competition, tortious interference with contract, trademark infringement and dilution, and deceptive trade practices under Ohio law is **GRANTED**.

- The Court **DECLARE**S that:

    i.  Since Defendant is not an Authorized Reseller, any Infringing Products that Defendant sells which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property are materially differen t than genuine NOCO Products because the

13

Infringing Products do not come with NOCO's warranties and are not subject to, and interfere with, NOCO's legitimate and substantial quality controls;

ii.    Defendant's unlawful sales of Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property constitute unfair competition, trademark infringement, trademark dilution, and violations of the Ohio Deceptive Trade Practices Act;

iii.   Defendant has no right or authorization to sell any Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property; and

iv.   Defendant has tortiously interfered with NOCO's contractual relationship with its Authorized Resellers by inducing NOCO's Authorized Resellers to sell NOCO Products, which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property.

- The Court **PERMANENTLY ENJOINS** Defendant from:

    i.    Purchasing products, which bear NOCO's brand, Copyrights, Trademarks, and/or intellectual property from an Authorized Reseller in bulk for purposes of resale; and

    ii.   any further sales of Infringing Products which bear NOCO's brand, Copyrights, Trademarks, and/or Intellectual Property.

- Plaintiff's request for attorney fees is **DENIED** without prejudice.  Plaintiff has **ten (10) days** to submit a motion demonstrating that the fees sought are reasonable.

**IT IS SO ORDERED.**                 _____
                                      BRIDGET M. BRENNAN
                                      UNITED STATES DISTRICT JUDGE

Dated: June 16, 2022

14