UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOCO COMPANY, | CASE NO.   1:21-cv-2173 |
| Plaintiff, | |
| v. | JUDGE BRIDGET M. BRENNAN |
| MAC CALABUR INVESTMENTS, LLC, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Before this Court is Plaintiff's Motion for Attorneys' Fees and Costs.  (Doc. No. 14.)  For the reasons that follow, this Court GRANTS Plaintiff's motion and awards Plaintiff $8,909.95.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff NOCO Company designs, manufactures, and sells battery chargers, portable power devices, and related battery accessories.  (Doc. No. 1 at PageID 1, ¶ 2.)  In connection with its business, Plaintiff owns numerous copyrights and registered trademarks.  (*Id.* at PageID 3, ¶ 14.)

On October 7, 2021, Plaintiff sent Defendant a letter informing Defendant that it was selling its products without authorization and in violation of Plaintiff's rights in its copyrights and trademarks.  (*Id.* at PageID 5, ¶ 33.)  The letter demanded that Defendant cease such conduct immediately.  (*Id*. at PageID 6, ¶ 34.)  However, Defendant continued to sell the products without Plaintiff's consent or authorization.  (*Id.* at PageID 6, ¶ 36.)

On November 15, 2021, Plaintiff filed a complaint against Defendant alleging that

Defendant willfully infringed on Plaintiff's intellectual property by engaging in the unauthorized sale of products Plaintiff distributed.  (*Id.* at PageID 1, ¶ 1.)  Plaintiff asserted claims for unfair competition, trademark infringement and dilution, tortious interference with contract, and deceptive trade practices under Ohio law.  (*Id.*)

After Defendant failed to timely respond, the Court issued a Show Cause Order instructing Plaintiff to move for default judgment.  (Doc. No 7.)  In response to this Order, Plaintiff filed a status report informing the Court of its ongoing settlement negotiations with Defendant's counsel.  (Doc. No. 8.)  Notwithstanding its awareness of this suit, Defendants did not appear in this case.  On May 6, 2022, Plaintiff moved for default judgment and an award of attorneys' fees and costs.  (Doc. Nos. 10 & 11.)  On February 25, 2022, the Court granted Plaintiff's default judgment motion and permanently enjoined Defendant from selling Plaintiff's products.  (Doc. No. 13.)  In this same Order, the Court granted Plaintiff's request for attorneys' fees and costs but instructed Plaintiff to file a motion demonstrating that the amount sought is reasonable.  (*Id.*)

## ANALYSIS

To determine reasonable attorneys' fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'"  *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)).  To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed."  *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In determining a reasonable rate, a court may also

consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 WL 697639, at *5 (N.D. Ohio 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. General Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149-50 (6th Cir. 1986)).

Plaintiff requests $8,909.85 in attorneys' fees and costs, which includes $589.50 in filing and service fees.  (Doc. No. 14-1.)  To support the lodestar, Plaintiff provides (A) counsel's affidavit setting forth the attorneys' fees and expenses accrued in this matter (Doc. No. 14-2), and (B) counsel's billing record (Doc. No. 14-1).  Having examined the description of work, the Court determines that the 28.3 hours counsel expended over the last eight months to draft litigation documents, correspond and negotiate with Defendant's counsel, and serve Defendant is a reasonable number of hours.  (Doc. No. 14-1.)

With respect to counsel's hourly rate, the attorneys' fees requested total $8,320.45.  Attorney Anna E. Bullock billed 17.1 hours at an hourly rate of $290.  (Doc. No. 14 at PageID 142.)  Attorney Derek P. Hartman billed 7 hours at an hourly rate of $350.  (*Id.*)  Attorney Kyle D. Stroup billed 2.5 hours at an hourly rate of $300.  (*Id.*)  Paralegal VMV billed 1.4 hours at an hourly rate of $125.  (*Id.*)  Paralegal CB1 Billed .3 hours at an hourly rate of $100.  (*Id.*)

Based on the Court's experience, these rates (which range from $100 to $350 per hour) are reasonable in the general legal market in Northeast Ohio.  *Noco Co. v. Smith*, No. 1:21-CV-00936, 2022 WL 1819103, at *3 (N.D. Ohio June 3, 2022).  They are even more reasonable when considering the particular market here – intellectual property law, which typically involves rates considerably higher than these.  The Court has previously determined that hourly rates for

trademark infringement cases in this community ranging from $85 to $440 are reasonable. *See Noco Co. v. Ko*, No. 1:19-CV-1547, 2021 WL 3725655, at *3 (N.D. Ohio Aug. 23, 2021). Accordingly, the Court concludes that the hourly rates charged in this action are reasonable.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion and awards Plaintiff $8,320.45 for attorneys' fees and $589.50 in costs, yielding a total award of $8,909.95.

**IT IS SO ORDERED.**

Date: July 21, 2022

BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE